IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                      No. 16-cr-3304 MV

NATAS SANDOVAL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER comes before the Court on Defendant Natas Sandoval's Motion for Clarification [Doc. 341]. The Court, having considered the Motion and relevant law, finds that the Motion is not well-taken and will be denied in part and dismissed in part.

**BACKGROUND**

    On July 17, 2018, Mr. Sandoval pled guilty to Count 1 of a one-count Information charging him with Conspiracy to Wit: Distribution of 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On the same date, he pled guilty to Counts 1, 2, 3, 4, and 6 of a six-count Superseding Indictment. Count 1 charged him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Count 2 charged him with Conspiracy to Wit: Distribution of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Counts 3 and 4 charged him with Distribution of a Mixture and Substance Containing Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. Count 6 charged him with Distribution of 50 Grams and

More of Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. On February 15, 2024, this Court sentenced Mr. Sandoval to a total term of imprisonment of 150 months, as follows: a term of 150 months as to the Information and Count 6 of the Superseding Indictment; a term of 100 months as to Count 1 of the Superseding Indictment; and a term of 150 months each as to Counts 2, 3, and 4 of the Superseding Indictment. All terms were to run concurrently with each other.

In a separate matter also in this District, Mr. Sandoval pled guilty to a Superseding Indictment charging him with Assaulting and Impeding a Federal Employee, in violation of 18 U.S.C. § 111(a)(1) and (b). *United States v. Natas Nahum Angel Sandoval A.K.A. Waldo Nahle*, 17-cr-2566 WJ. In that case, on August 28, 2024, Senior United States District Judge William P. Johnson sentenced Mr. Sandoval to a term of imprisonment of 92 months, with 75 months to run consecutive and 17 months to run concurrent to the term of imprisonment imposed by this Court in the instant case.

Mr. Sandoval is currently in the custody of the Bureau of Prisons ("BOP"). Specifically, he is incarcerated at the Federal Correctional Institution ("FCI") Victorville, in Victorville, California, within the jurisdiction of the Central District of California.

On the instant Motion, Mr. Sandoval requests that the Court "issue an Order clarifying that the Defendant is FSA eligible for the convicted crimes herein." Doc. 341. The government opposes this request. Doc. 365. The Motion is now before the Court for decision.

## DISCUSSION

As the government aptly notes, Mr. Sandoval's one-sentence motion provides no indication of what he means by "an Order clarifying that the Defendant is FSA eligible for the

convicted crimes herein." Liberally construing Mr. Sandoval's motion,[1] the Court interprets Mr. Sandoval's motion as a request both for a modification of his sentence under the First Step Act and for time credits under the First Step Act. For the reasons set forth herein, Mr. Sandoval's request for a modification of his sentence under the First Step Act lacks merit and must be denied, and his request for time credits under the First Step Act is not properly before this Court and thus must be dismissed.

As to Mr. Sandoval's request for modification of his sentence, "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c)(1)(B) (permitting a court to modify an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"). Section 404 is the only provision of the First Step Act that applies retroactively to defendants who have already been sentenced. *United States v. Gonzalez-Oseguera*, No. 06-cr-593, 2010 WL 1270916, at * 1 (D. Haw. Mar. 19, 2019); *see also Hewitt v. United States*, 145 S. Ct. 2165, 2177 (2025) (noting retroactivity of Section 404 of First Step Act). Under Section 404, the district court is authorized "to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010." *Gonzalez-Oseguera*, 2010 WL 1270916, at * 1; *United States v. Valdovinos Bravo*, No. 12-cr-20019, 2020 WL 869472, at *1 (D. Kan. Feb. 21, 2020) (same) (*United States v. Drayton*, Nos. 10-cr-20018, 19-

---

1 *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Handwritten pro se document[s] [are] to be liberally construed.").

cr-2032, 2019 WL 464872, at *3 (D. Kan. Feb. 6, 2019) (same). The Fair Sentencing Act of 2010, however, "modified the statutory sentencing range only for crack cocaine offenses." *Gonzalez-Oseguera*, 2010 WL 1270916, at * 1; *Valdovinos Bravo*, 2020 WL 869472, at *1 ("[T]he only substance contemplated in the Fair Sentencing Act is cocaine base."); *Drayton*, 2019 WL 464872, at *3 ("Section 404 . . . applies to defendants who were sentenced for an offense involving crack cocaine."). Here, Mr. Sandoval was convicted of an offense involving methamphetamine, not crack cocaine. For this reason, Mr. Sandoval is not eligible for a reduction of his term of imprisonment under the First Step Act. *Gonzalez-Oseguera*, 2010 WL 1270916, at * 1 (finding defendant ineligible for reduction of his imprisonment term pursuant to the First Step Act where he was convicted of an offense involving methamphetamine); *Valdovinos Bravo*, 2020 WL 869472, at *1 (finding that Section 404 did not apply because defendant was not charged or convicted of any offenses relating to cocaine base); *Drayton*, 2019 WL 464872, at *3 (finding that court lacked jurisdiction to reduce defendant's sentence under the First Step Act where defendant pled guilty to offense involving powder cocaine and marijuana).

As to Mr. Sandoval's request for time credits under the First Step Act, this request is, in effect, a challenge to the BOP's calculation of his time credits. As such, "this aspect of [Mr. Sandoval]'s motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241, rather than as a post-judgment motion in [his] criminal case." *Valdovinos Bravo*, 2020 WL 869472, at *1 (collecting cases). The Court notes that, if Mr. Sandoval chooses to file a § 2241 petition challenging the BOP's calculation of his time credits under the First Step Act, he must do so "in the judicial district where [he] is incarcerated against the person who has custody over him." *Valdovinos Bravo*, 2020 WL 869472, at *2. Mr. Sandoval is incarcerated at FCI Victorville in

Victorville, California, in the Central District of California. Accordingly, to pursue a claim for time credits under the FSA, Mr. Sandoval must file a § 2241 petition, separate from this criminal case, against the Warden of FCI Victorville, in the United States District Court for the Central District of California. *Id.* The Court notes that, because Mr. Sandoval has not actually filed a petition under § 2241 or paid the filing fee for such a petition, this Court cannot transfer his motion to the Central District of California. *Id.*

## CONCLUSION

Because he was not convicted of an offense involving crack cocaine, Mr. Sandoval is not eligible for a reduction of his term of imprisonment under Section 404 of the First Step Act. Accordingly, to the extent that his motion seeks such a sentence reduction, his motion is denied. Further, a post-judgment motion in the instant criminal case is not the proper vehicle for Mr. Sandoval to seek time credits under the FSA. Accordingly, to the extent that his motion seeks time credits under the First step Act his motion is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant Natas Sandoval's Motion for Clarification [Doc. 341] is **DENIED in part and DISMISSED in part**, as set forth herein.

DATED this 17th day of September 2025.

_____
MARTHA VAZQUEZ
Senior United States District Judge